## Hartranft's Appeal.

The goods and chattels of the lessee of two adjoining pieces of real estate were levied upon by the sheriff, under execution. The landlord presented a claim to the proceeds of the sale, for rent due upon both pieces of property. There was no fence between the estates, and the evidence showed that they were operated together and that the chattels levied upon were used on one as well as the other. *Held*, that the court would not sustain a claim by the execution creditor that, as the chattels levied upon were found upon one estate only, the claim for rent due on the one estate alone should be allowed.

(Decided April 26, 1886.)

Certiorari sur appeal from a decree of the Common Pleas of Berks County distributing the proceeds of a sheriff's sale of personal property. Affirmed in part.

This appeal was taken from the same decree from which the preceding appeal was taken.

The appellant Hartranft held a judgment against Z. F. Gresh. He caused an execution to be issued, and the personal property of Gresh, situated upon certain leased premises, was sold, and the proceeds paid into court for distribution. The commissioner allowed certain claims for rent and labor, which exhausted the fund. His report was confirmed by the court below, and Hartranft appealed, assigning for error the allowance of the labor claims and the awarding to the landlord of more rent than was due him.

*John Ralston,* for appellant.—A landlord cannot claim rent in arrear out of the proceeds of a sheriff's sale of tenant's goods, which were not at the time of the levy upon the demised premises and liable to distress. Grant's Appeal, 44 Pa. 477.

*Philip S. Zieber* and *Jeff. Snyder* for appellees.

OPINION BY MR. JUSTICE GREEN:

The question principally discussed in this case has been decided in Livingood's Appeal, in which the opinion has just been filed, *ante, 323.*

This appellant alleges, in addition, that there was error in allowing the landlord's claim of rent. The commissioner finds there was due to the landlord for rent $420.30, and says: "Neither is the claim of the landlord objected to or disputed." An exception was filed by the present appellant, however, to the allowance of anything more than $250 rent; and an assignment of error is filed alleging error in that more rent was allowed than was due.

The ground of the appellant's claim appears to be that the personal property sold was on the farm only, and, therefore, the rent of the farm alone in arrears was entitled to a preference. The record does not disclose the particulars of the property sold, nor where it was found.

The testimony, however, establishes that the farm and lime-kilns were run together by the defendant; that the two properties were adjoining, and no fence between them, and that the horses and wagons were used at the limekilns as well as on the farm. John L. Fritz testified to this, and we can discover no opposing testimony.

In view of these facts, we see no reason for questioning the correctness of the commissioner's report upon the claim for rent. As the amount of rent found due is more than enough to exhaust the fund, the entire balance will be allowed to that claim.

Decree affirmed as to the allowance of rent at the cost of the appellant, and record remitted, with direction to distribute the balance of the fund in court to the claim for rent.